UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Josef Bildirici,

               Appellant,

against                                                   07 Cir 8799 (CM)(THK)

David R. Kittay,

               Appellee.
-----------------------------------------------------------x


**APPELLANT'S REPLY BRIEF IN SUPPORT OF APPEAL**


**Mark A. Frankel**
**BACKENROTH FRANKEL & KRINSKY, LLP**
**489 Fifth Avenue**
**New York, New York  10017**

**Telephone:**  **(212) 593-1100**
**Facsimile:**   **(212) 644-0544**


**ATTORNEYS FOR THE APPELLANT**

**TABLE OF CONTENTS**

ARGUMENT.................................................................................................................. 1

    Both the Landlord and the Lender waived away any rights they may have had to obstruct the sale in the sale order itself, so the appeal is not moot based upon the absence of a stay pending appeal.......... ............................................................. 1

    The Trustee's brief indicates that the Trustee grossly underestimated the strength of the Debtor's case, because he mistakenly believed that he would have to litigate the lease termination issue under New York law in the Appellate Division, when in fact, the Appeal Division lacks jurisdiction over the issue, (and has already rejected the Landlord's argument nonetheless), so the Trustee's only real risk of loss on this issue was on appeal to the Second Circuit Court of Appeals..............................................................................................................3

    The issue on appeal is not whether the Trustee analyzed the issues, but whether the Trustee's analysis resulted in a business decision that is within the lowest level of reasonableness ...........................................................................................6

CONCLUSION............................................................................................................ 8

**Both the Landlord and the Lender waived away any rights they may have had to obstruct the sale in the sale order itself, so the appeal is not moot <u>based upon the absence of a stay pending appeal</u>**

1.  The opening line in the Trustee's brief purporting to describe the issue on appeal highlights a misunderstanding of this case. Specifically, the Trustee asserts that the issue is whether the settlement (the "Settlement") by and among David R. Kittay (the "Trustee"), as Chapter 11 Trustee for East 44th Realty, LLC (the "Debtor" or the "Estate"), East Forty-Fourth Street, L.L.C. (the "Landlord") and New York Community Bank (the "Lender") was reasonable as related to the Trustee's motion to assume and assign the Debtor's lease ("Lease") with the Landlord. There is nothing in the order approving the sale of the Lease, however, nor in the order approving the Settlement that made the sale contingent upon Settlement.

2.  The sale of the Lease was approved with no objection from any party. More to the point, the outcome of this appeal will not in any way affect the buyer's right in and to the assets purchased, nor the Debtor's right to the proceeds of sale.

3.  The issue on appeal, therefore, only affects the distribution of the sale proceeds. Specifically, the issue is whether the Bankruptcy Court erred in approving the Settlement, since the

Settlement provides for an excessive distribution to the Landlord and/or the Lender. If this appeal is successful, the Landlord and/or Lender would have to return some of that distribution to the Trustee.

4. Notwithstanding the foregoing, the Trustee argues that appeal is moot because Bildirici failed to obtain a stay pending appeal of the sale of the Lease. The Trustee's mootness argument is based upon the false assumption that if Bilidrici prevails on appeal, the sale of the Lease will have to be unwound.

5. Indeed, the Landlord made no objection to the sale of the Lease, either before or after its approval, and neither the approval of the sale of the Lease nor the closing of the sale of the Lease was contingent upon the approval of the Settlement in any event. Accordingly, the reversal of the Settlement Order does not deprive any party of rights it had as a consequence of the Court's approval of the Sale Order.

6. Moreover, the Sale Order, including paragraph 8 thereof, precludes any attack against the sale by any party for any reason. Accordingly, this appeal does not in any way challenge the Sale Order. It only challenges the separate Settlement Order.

7. The Trustee's reliance on *In re Chateaugay Corp.*, 10 F.3d 944 (2d Cir. 1993), therefore, is misplaced. In this case, unlike *Chateaugay*, the Bankruptcy Court can easily order effective relief assuming that Bilidrici prevails, by simply ordering the Landlord and/or the Lender

to disgorge the amounts paid under the settlement.[1]  Both the Landlord and the Lender waived away any rights they may have had to obstruct the sale in the Sale Order itself.  Simply put, an appeal of the Sale Order would have been moot if one had been taken, but an appeal from the Settlement Order is not moot.

> **The Trustee's brief indicates that the Trustee grossly underestimated the strength of the Debtor's case, because he mistakenly believed that he would have to litigate the lease termination issue under New York law in the Appellate Division, when in fact, the Appeal Division lacks jurisdiction over the issue, (and has already rejected the Landlord's argument nonetheless), so the Trustee's only real risk of loss on this issue was on appeal to the Second Circuit Court of Appeals**

8.  With regard to the merits of lease termination issue, which the Trustee described as the "primary issue" for Settlement, the Trustee's appeal brief demonstrates an astonishing misunderstanding of the law and facts.

9.  The Trustee argues to the District Court that, "Although the Trustee believed he would prevail in the Appellate Division, he also believed there was a possibility he could lose and the Appellate Division would declare the Lease terminated."

---

[1] Contrary to the Trustee's service argument, both the Landlord and the Lender were deemed to have been served with Bildirici's notice of appeal under the rules governing electronic filing in the Southern District of New York Bankruptcy Court.

10. <u>In this case there is **nothing** regarding lease termination even pending in State Court.</u> The Landlord has already made his argument to the Appellate Division, and lost on the issue of whether the Lease terminated pre-petition. Specifically, the Appellate Division declined to rule in favor of the Landlord that the Lease had terminated.

11. The Landlord then went back for another bite at the apple in Bankruptcy Court and argued that notwithstanding the Appellate Division ruling, the Bankruptcy Court should find that the Lease terminated pre-petition <u>as a matter of Bankruptcy law</u>. The Bankruptcy Court then correctly determined that the Lease had <u>not</u> terminated as a matter of Bankruptcy law. In reaching that conclusion, the Bankruptcy Court necessarily interpreted New York State law, and the decision by the Appellate Division declining to find that the Lease had terminated pre-petition. As the Trustee should have known, the Landlord then appealed the Bankruptcy Court's decision to the United States District Court. The District Court dismissed the Landlord's appeal not only because it was interlocutory, but on the merits as well. The District Court found no fault with Judge Drain's reasoning that the Lease had not terminated pre-petition.

12. The District Court's dismissal of the Landlord's appeal on the merits, as well as procedurally, is one of the main reasons that Bildirici has advocated so strongly against an overly generous settlement in favor of the Landlord. In order for the Landlord to prevail, the Landlord would first have to appeal to the District Court again, since the District Court's first ruling was interlocutory.

Then, the Landlord would have to appeal to the Second Circuit Court of Appeals. In the meantime, the Landlord would have needed a stay of the Trustee's sale.

13. Bilidirici believes that having already withstood challenge in the New York State Appellate Division, the Bankruptcy Court and the District Court, it would be very unlikely that the Second Circuit Court of Appeals would reverse the decision finding that the Lease did not terminate pre-petition.

14. Based upon the Trustee's brief herein, however, we now learn for the first time that the Trustee completely underestimated the strength of the Debtor's case, because he mistakenly believes that he would have had to litigate the lease termination issue under New York law in the Appellate Division, when in fact, the Trustee's is already two steps beyond the Appellate Division. Thus, the Trustee's only real risk of loss on this issue was if the issue made its way to the Second Circuit Court of Appeals, and if the Landlord obtained a stay pending appeal in the meantime.

15. By the same token, the Trustee's belief that there was a serious risk of loss based upon the Landlord's outrageous demand to be paid both all of the rent required under the Lease in full, **and** all of the sublease paid by the Debtor's tenants to the Debtor is further evidences the Trustee's misunderstanding of this case. As explained in Bildirici's main brief, that Lease provision is clearly unenforceable as a penalty.

5

16. In summary, the Trustee's reasoning for the entering into the Settlement was so uninformed by the facts and law on the primary issues of this case that the Bankruptcy Court erred in finding that the Settlement constituted a business judgment that rose above the lowest level of reasonableness.

**The issue on appeal is not whether the Trustee analyzed the issues, but whether the Trustee's analysis resulted in a business decision that is within <u>the lowest level of reasonableness</u>**

17. With respect to the determination of appropriate attorneys fees agreed to for the Lender and the Landlord, the Trustee's brief is more significant for what it does not say than what it <u>does</u> say on the vast majority of the issues. Indeed, rather than address Bildirici's arguments on the merits, in most instances the Trustee merely replies in serial form that the "the Trustee analyzed" each of the various issues, <u>without</u> explaining <u>why</u> he reached the conclusions he reached after making his analysis.

18. The issue on appeal, however, is not whether the Trustee analyzed the issues, but whether the Trustee's analysis resulted in a business decision that is within the lowest level of reasonableness.

19. Thus, the Trustee claims to have examined the Lender's claims, but the record reveals nothing more than conclusory statements, rather than facts that would support the Trustee's

conclusion that there was not a dollar of fees to be compromised, and that in addition, the Lender was entitled to third party releases for no consideration.

20.     The Trustee claims to have analyzed the implications of the *ipso facto* termination clause in the Lease, but provided no basis upon which to distinguish this case from the cases denying fees with similar clauses.

21.     The Trustee claims to have analyzed the Lease provisions on attorneys' fees allowed after the Lease terminates, but the Trustee does not explain why the Landlord would be entitled to post-Lease termination fees, when no Court has found that the Lease ever terminated.

22.     The Trustee claims to have analyzed all of the applicable Lease provisions and the work performed to distinguish between compensable and non-compensable time, but the Trustee was unable to even identify the basis for 25% of the time which is characterized as "miscellaneous," or which the Trustee could not locate at all.

23.     Although the Trustee claims to have found a legal basis upon which to excuse the absence of a retainer agreement between the Landlord and its counsel, the Trustee failed to even analyze the more important part of the inquiry, which is, whether the Landlord would have agreed to incur the subject legal fees in the absence of the promise of payment under the Lease.

24. The Trustee claims to have analyzed the total fees paid to the Landlord's attorneys, and the total amounts collected by the Landlord's attorneys to be held in escrow, but the Trustee essentially admits that his analysis was so cursory, that it never involved examination of the underlying books and records.

25. Lastly, the Trustee claims to have analyzed the record of the case in light of the amount at stake relative to the fees incurred, but the Trustee incorrectly concluded that the Landlord was acting to protect the value of the Lease, when in fact, the Landlord was at all times acting in a predatory manner to effectuate a forfeiture of the Lease based upon a non-material default.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the District Court reverse the Bankruptcy Court, and that the Court grant such other, further and different relief as this Court may deem just and proper.

Dated:    New York, New York
November 20, 2007

                        BACKENROTH FRANKEL & KRINKSY,
            LLP, Attorneys for the Debtor

            By:    s/Mark A. Frankel
                      Mark A. Frankel (MAF-8417)
                      489 Fifth Avenue
                      New York, New York  10017
                      (212) 593-1100